UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.

WARDEN, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-549-JD-MGG

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, initiated this case by signing and mailing a complaint on July 11, 2019 (ECF 1 at 5), complaining about events that took place between July 4, 2019, and July 11, 2019. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, Cleveland is suing the Warden of Indiana State Prison and the Indiana State Prison medical team over the conditions imposed upon him while he was on suicide watch. He seeks monetary damages and injunctive relief.

Cleveland acknowledges that his claims were grievable, and indicates that he filed a grievance but that he had not received a response at the time he filed his complaint. He explains that he filed a grievance, but he is waiting for a response. (ECF 1 at 5.)

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even when a prisoner "seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. at 524, *citing Booth v. Churner*, 532 U.S. at 741.

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh Circuit held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809, *citing Porter v. Nussle*, 534 U.S. at 525.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir.

2

1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Cleveland admits that he did not exhaust his administrative remedies prior to filing suit. He filed this action within days of the alleged events, and before he either received a response or filed an appeal. Therefore, this case cannot proceed. If Cleveland can exhaust his administrative remedies, he may file a new lawsuit.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on September 23, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT